McKinney, J.
delivered the opinion of the court.
This was an action for malicious prosecution, brought by the plaintiff against the defendant, in the circuit court of Wayne county.
The substance of the charge in the declaration is, that the defendant maliciously, and without probable cause, on the 15th day of February, 1847, caused *292 the plaintiff to be arrested on a State’s warrant issued by a justice of the peace, charging said plaintiff with a misdemeanor, in illegally taking possession of a public school house in said county: upon which warrant the plaintiff was recognized to appear before the circuit court of said county, to answer said charge: and in which court, the defendant maliciously, and without probable cause, procured a bill of indictment to be preferred before the grand jury, charging said plaintiff with the aforesaid misdemeanor, which indictment was returned, not a true bill: and thereupon the plaintiff was discharged, and said prosecution ended.
The facts upon which the questions for our consideration arise, are these:
The school house in question was erected in the year 1841, within the boundaries of an occupant tract of land, owned at that time by David Gallaher, containing one hundred and eighty-two acres, the entry and survey of which bear date 3d December, 1836. The house was put up by the neighbours, with the permission of Galla-her: and the logs used in its erection were taken from an, old still house belonging to him. The house had been occasionally used for a “common school” house, and part of the common school fund had been appropriated by the commissioners to the support of such school. But for a period of two years preceding the time when the plaintiff took possession thereof, it had altogether ceased to be used as a school house, and had fallen into a state of dilapidation.
It further appears, that by a decree of the chancery court, at Lawrenceburg, made on the 8th day of June, 1846, said tract of land was ordered to be sold by the clerk and master of said court, upon an attachment *293 bill filed against said Gallaher, who was a non-resident, for the satisfaction of a debt remaining due to the plaintiff in this action. And in pursuance of said decree, the same was sold on the 3d day of February, 1847, and was purchased by the plaintiff. Shortly after said purchase, namely, on the 8th day of February in the same year, the plaintiff took possession of said school house by putting a tenant therein; the house being vacant at the time, and having remained so for the period of two years preceding. And for taking possession under the foregoing circumstances, the prosecution was commenced by the issuance of the justice’s warrant, on the 15th day of February, 1847.
It likewise appears from the copy of a grant exhibited by the defendant, that after the decree in chancery directing the sale of said tract of land, the defendant made an entry and procured a grant to be issued, which included said tract of one hundred and eighty-two acres within their boundaries The entry purports to have been made on the 5th day of January, 1847; the survey on the 16th and 17th days of December, 1846, and the grant bears date the 12th day of April, 1847.
On the trial of the cause, the defendant examined an attorney with whom he had consulted on the subject, who stated that he advised defendant “ that plaintiff was guilty of taking illegal possession of said school house ; and, that acting on this advice, defendant procured a warrant to be issued, and plaintiff to be brought before the justice.” Upon what reason or principle this opinion is based, is not stated; but, on cross-examination, he said, rather unfortunately as respects the defendant’s good faith in the matter, that he “ thought plaintiff and *294 defendant both wanted the land, as they had conflicting claims.”
The defendant also examined the attorney general, who preferred the indictment, who stated, in substance, that he entertained doubts in regard to the proper construction of the statute upon which the indictment was framed; that the defendant seemed to hesitate whether or not he would prosecute, and he, the witness, left it to the defendant to decide.
The jury found for the defendant, and the court having refused to grant a new trial, the plaintiff pi’osecuted an appeal in error to this court.
The foregoing facts have Leen presented, not for the purpose of adjudicating the question of title, but simply with a view to the enquiry whether or not the prosecution against the plaintiff, for taking possession of the school house, was malicious and without probable cause. To entitle the plaintiff to recover in this action, he must show both malice and the want of probable cause. “The term malice in this form of action,” it is said, 5 B. and A., 388, 594, “is not to be considered in the sense of spite or hatred against an individual, but d! malus animus; and as denoting that the party is actuated by improper and indirect motives.”
In the case of Hall vs. Hawkins, 5 Hum., 359, it is said: “probable cause is the existence of such facts and circumstances as would excite in a reasonable mind the belief that the person charged, was guilty of the crime for which he was prosecuted.” If there were sufficient probable cause for the prosecution, however, no action can be maintained, although it may have been malicious.
*295 Applying these principles to the facts of the case under consideration, it is too manifest to admit of doubt that the prosecution against the plaintiff was malicious and without the semblance of probable cause.
We assume, from the proof in the record before us, that by virtue of the purchase at the chancery sale, the plaintiff became vested with all the right and interest of Gallaher, to the tract of land upon which the school house stood. After his purchase, finding the house unoccupied, and the use thereof discontinued for a period of two years, he took peaceable possession; and in doing so, he violated the rights of no one. Certainly not of the school commissioners, for they had no color of right to the house. Its use and occupancy for a time, by the commissioners, as a school house, was merely by the parol license and permission of Gallaher, in whom the equitable title to the land was vested, and was subject to be annulled and terminated at his pleasure, He might, at pleasure, have refused to suffer them to occupy the house, and much more might he have resumed the possession upon their voluntary disuse of it. And to all the rights of Gallaher, in this respect, so far as we are enabled to judge from the facts in the record before us, the plaintiff succeeded under his purchase at. the chancery sale.
It is obvious, therefore, that no reasonable mind, in view of the facts of this case, could for a moment have entertained a serious belief that the plaintiff was guilty of any wrong, either legal or moral, in taking possession of said school house.
But the prosecution was not only without probable cause, it was likewise malicious in a legal sense. From the total absence of probable cause, the law would *296 infer malice, but we are not left to legal inference upon tViis point. That the prosecution was resorted to by the defendant, not in good faith; not from motives affecting the public interest; not to vindicate the supposed injured rights of the commissioners; but as an indirect and disingenuous subterfuge to aid in getting possession himself, is too apparent from all the facts of the case either to require or admit of argument.
The legal advice relied upon by the defendant can avail him nothing in this case, for various reasons. The opinion of counsel, to be available, in such case, must be honestly sought, and understandingly given. In Hall vs. Hawkins, 5 Hum., 359, it is said by this court, that the fact “that the defendant acted upon the opinion of counsel, will not excuse him, if the statement of facts, upon which the opinion was founded, was incorrect, or the opinion itself unwarranted.” Again: the indictment was preferred upon the defendant’s own opinion and determination, in despite of the doubts suggested by the attorney general. And, indeed, the inference forces itself upon the mind, from all the circumstances of the case, that the advice of counsel was sought as a mere pretext to give color to the wrongful prosecution of the plaintiff.
Upon the facts of the case, therefore, we are of opinion that the verdict is wholly without evidence to support it.
But, there is also error in the charge of the court. The judge, in substance, instructed the jury that the. judgment of the justice in binding Kendrick over to court, to answer the charge alleged in the warrant, was prima facie evidence of probable cause, which was not *297 rebutted by the return of the grand jury upon the indictment, “not a true bill.”
Perhaps the conviction of a defendant before a justice of the peace, in a case in which he had jurisdiction to try and render final judgment, as in a case under the “ small offence bill,” would be at least prima facie evidence of probable cause. But not so in a case where his jurisdiction extended merely to bind the defendant over to answer the charge in the proper tribunal. The proceeding in the latter case is properly only in the nature of an inquiry, or accusation. And the duty of the justice, in such a case, is, not to try the defendant, but simply to enquire and determine, upon an ex parte examination, whether the evidence against him is sufficient to require that he should be put upon his trial before a jury in the appropriate tribunal. It cannot be regarded as in the nature of an adjudication of the question of the defendant’s guilt; and, therefore, can have no such effect as was imputed to it by the circuit judge.
The charge of the circuit judge, first delivered to the jury, was erroneous in several respects. In the second charge the law is perhaps correctly stated, except in the particular above mentioned; but the failure of the court to withdraw from the jury the erroneous charge first given, save as to a single point, was calculated to mislead them, and was perhaps error.
As, however, upon the grounds before stated, the judgment must be reversed, it is not deemed necessary to say more in reference to the charge of the court.
Let the judgment be reversed, and the cause be remanded for a new trial.